IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GLORIA HILL,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. BANK HOME MORTGAGE, JOE VASCO, and 100 YEAR HOMES, INC.,<br><br>Defendants. | **8:25CV385**<br><br><br>**MEMORANDUM AND ORDER** |

Plaintiff Gloria Hill ("Hill"), a non-prisoner, filed her Complaint on June 10, 2025 (the "Complaint"). Filing No. 1. Hill was given leave to proceed in forma pauperis. Filing No. 7.

As this Court has jurisdiction over the dispute pursuant to 28 U.S.C. § 1332(a)(1) (diversity jurisdiction), this Court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915. For the reasons that follow, the Complaint shall be dismissed.

## I. SUMMARY OF COMPLAINT AND RELEVANT HISTORY OF CLAIMS

The underlying facts supporting Hill's Complaint remain largely unchanged from a complaint which was filed in Case No. 22-cv-299 (the "Prior Case").[1] *See* Prior Case, Filing No. 13. The Prior Case was also before this Court and was dismissed without

---

[1] Hill filed several other complaints alleging largely identical or substantially similar claims against the same defendants and arising from the same facts at issue in both the Prior Case and the instant matter which were also dismissed, but in much earlier stages than the Prior Case. The earliest case addressing the facts at issue in the instant matter is *Hill v. U.S. Bank Home Mortgage et. al.*, Case No. 8:21-cv-332, which was filed on August 30, 2021, Filing No. 1, and dismissed on November 16, 2021, for failure to amend her complaint in compliance with the court's order following initial review, *see* Filing No. 17. Her next case of *Hill v. U.S. Bank Home Mortgage et. al.*, Case No. 8:21-cv-462, was filed on December 7, 2021, *see* Filing No. 1, and dismissed on January 12, 2022, for failure to pay filing fees or move for leave to proceed in forma pauperis, *see* Filing No. 7. No initial review of the complaint in Case No. 8:21-cv-462 was performed by the court prior to dismissal.

prejudice after Hill failed to file an amended complaint to correct the deficiencies the Court identified upon initial review.[2]  *See* Prior Case, Filing No. 15.

Like the instant matter, in the Prior Case Hill asserted various claims against defendants U.S. Bank Home Mortgage ("US Bank"), Joe Vasco ("Vasco"), and 100 Year Homes, Inc. ("100 Year") under both state and federal law, arising from a foreclosure sale of real property located in Douglas County, Nebraska (the "Property"), purchased by Hill on or about January 10, 2019.  *Compare* Filing No. 1, *with* Prior Case, Filing No. 13. While the factual allegations remain largely unchanged from the summary this Court performed in its review of the Prior Case, *see* Prior Case, Filing No. 14 at 2-3, the Court summarizes the facts supporting Hill's claims as follows:

- Hill obtained the original mortgage loan to purchase the Property from US Bank.

- Hill timely made all payments to U.S. Bank.

- US Bank and/or its assigned Trustee Edward E. Brink ("Brink") mailed her "harassing communications" including late payment notices beginning in December 2019 to the present.

---

[2] This Court conducted an initial review of Hill's pro se Initial Complaint to determine whether summary dismissal was appropriate under 28 U.S.C. § 1915, finding that Hill failed to adequately assert a jurisdictional basis under which this Court could proceed.  *See* Prior Case, Filing No. 8.  In response Hill filed a document this Court construed as a supplement (the "Supplement"), Prior Case, Filing No. 9, after which this Court conducted a further review of the Initial Complaint in conjunction with the Supplement, finding that the jurisdictional deficiencies remained uncured and granting Hill leave to amend, Prior Case, Filing No. 12.  Hill filed an amended complaint, *see* Prior Case, Filing No. 13, which this Court reviewed, finding that while the jurisdictional allegations had been adequately pleaded to establish diversity jurisdiction, her claims as pleaded could not proceed, Prior Case, Filing No. 14.  Hill was again granted leave to amend her complaint to cure the deficiencies, *see id.*, however Hill failed to file a second amended complaint or otherwise communicate with this Court resulting in the Prior Case's dismissal for failure to amend/failure to prosecute on December 13, 2024, *see* Filing No. 15.

- Hill was never contacted by US Bank or Brink to discuss loss mitigation options by phone in violation of 12 C.F.R. § 1024.39.

- Hill never received written communication from US Bank or Brink to notify her of any loss mitigation options to prevent foreclosure.

- Hill was not sent a notice of default by US Bank or Brink.

- Hill was never put on notice of any pending foreclosure sale.

- The Property was sold to 100 Year on January 16, 2020, at a foreclosure sale.

- 100 Year, via Vasco's direction, filed a forcible detainer action against Hill, resulting in Hill's eviction from the Property.

Filing No. 1 at 3-5.[3]

In the Prior Case, Hill asserted the following claims against all defendants unless otherwise noted:[4]

Claim I:     "Violation of civil rights – wrongful foreclosure, deprivation of property interest (Fourteenth Amendment to the United States Constitution).

Claim II:    "Violation of civil rights – retaliatory and wrongful eviction, deprivation of property interest."

Claim III:   "Unconsionable [sic] contract," against US Bank.

Claim IV:    "Quiet title."

Claim V:     Infliction of emotional distress.

Claim VI:    Declaratory relief under 28 U.S.C. §2201.

---

[3] In her Complaint, Hill alleges that she attached a "real estate transfer statement" to her Complaint as Exhibit A, but no such exhibit was attached.  *See* Filing No. 1 at 4.

[4] The Court notes that Hill also specifically notes "against all defendants" immediately following some of her claims but does not indicate who she seeks to sue under others.  *See* Prior Case, Filing No. 13 at 4–20.

3

Claim VII:    Violation of civil rights "via wrongful and retaliatory eviction."

Claim VIII:    Unlawful wrongful eviction.

Claim IX:    Violation of Constitutional Rights – Unlawful taking via illegally performed foreclosure and forcible detainer (United States Constitution, [Fifth] and [Fourteenth] Amendments).

Claim X:    Violation of Real Estate Settlement Procedures Act ("RESPA") 12 U.S.C. §§ 2601–2617).

*See* Prior Case, Filing No. 13 at 4–20.

Before the Prior Case was dismissed for failure to amend, this Court performed an initial review of the claims it contained, dismissing Claim VIII (unlawful/wrongful eviction) as premature and finding that none of the remaining claims could proceed without amendment. Prior Case, Filing No. 14.

In the current action, Hill alleges the following similar claims (omitting Claims VII, IX and X from the Prior Case), specifying minor changes to them including, in some cases, which defendants each claim relates to:

Claim I:    "Violation of civil rights – wrongful foreclosure, deprivation of property interest (Fourteenth Amendment to the United States Constitution) against US Bank.

Claim II:    "Violation of civil rights – retaliatory and wrongful eviction, deprivation of property interest" against 100 Year and Vasco.

Claim III:    "Unconsionable [sic] contract," against US Bank.

Claim IV:    "Quiet title" against all defendants.[5]

Claim V:    Infliction of emotional distress against all defendants.

Claim VI:    Declaratory relief under 28 U.S.C. §2201 against all defendants.

---

[5] Hill does not specify which defendants she intends to sue in the title of Claims IV or VI, but it appears from the factual allegations that follow each of these claims that she intends to sue all defendants. *See* Filing No. 1 at 13-14, 16-17. As such, the Court shall proceed as if Hill raised Claims IV and VI against all three named defendants.

Claim VII:    Unlawful wrongful eviction against 100 Year and Vasco.

Filing No. 1 at 5-20.

## II. APPLICABLE STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e).  The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  While "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties," *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted), pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or their complaint shall be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

## III. DISCUSSION

Hill's claims in the present case suffer from many of the same deficiencies which resulted in the dismissal of similar (or in some cases identical) claims in the Prior Case.

5

Upon review of her claims in the instant matter and the complaints and amendments filed in her three earlier cases, several underlying themes arise.

First, and most importantly, while Hill has consistently alleged that the Property she owned was wrongfully foreclosed upon and sold, resulting in her eviction from and loss of title to the Property, she has brought this claim as a violation of her civil rights. Her classification of this claim as a "civil rights" claim, as discussed *infra*, cannot proceed, whereas as a state law claim for wrongful foreclosure, which she does not raise, *might* be able to. However, even if Hill had alleged a state law claim in the instant complaint, she omits key factual allegations which could move such a claim past initial review.

Nebraska allows mortgage companies, banks, and other lien holders to foreclose on real property without a court proceeding under Neb.Rev.Stat. § 76–1001 et seq., known as the Nebraska Trust Deeds Act (the "Act"). However, foreclosure under the Act may only occur when a deed of trust contains a power of sale clause authorizing a trustee to institute foreclosure proceedings. *See Gilroy v. Ryberg*, 667 N.W.2d 544, 552-53 (Neb. 2003) (quoting *Blair Co. v. American Savings Co.*, 169 N.W.2d 292, 293–94 (Neb. 1969) (quotations omitted)). Under the Act, it is rare that a sale is so defective that the sale is rendered void, which generally occurs when "the trustee conducted the sale, but no right to exercise the power of sale existed," such as where:

> (1) no default on the underlying obligation has occurred, (2) the trust deed is a forgery, and (3) the trust deed requires the beneficiary to request that the trustee commence foreclosure proceedings and no request has been made. Further, even if there is a right to exercise the power of sale, an egregious failure to comply with fundamental procedural requirements while exercising the power of sale will render the sale void.

*Id.* at 554 (internal citations and quotations omitted). Lesser defects in a sale under the Act may also render a sale voidable, but "[a]n injured party can have the sale set aside

6

only so long as the legal title has not moved to a bona fide purchaser. *Id.* (internal citation and quotation omitted). However, most defects under the Act are "so inconsequential as to render the sale neither void nor voidable." *Id.*

Here, while Hill references a deed of trust in her Complaint and alleges that US Bank or its assigned trustee Brink failed to perfect any security interest in the Property and cannot prove they had a valid interest as a real party in interest to the underlying "Deed of Trust," potentially indicating the Property was sold extrajudicially under the Act, she also references a "power of sale, or power to foreclose judicially," in support of her claims. *See* Filing No. 1 at 5. Because Hill never provides any of the language in the mortgage or deed of trust governing her purchase of the Property and the subsequent foreclosure sale determine (or attach them as exhibits or file them as supplements to her Complaint), even had Hill raised a state law claim of wrongful foreclosure this Court cannot determine whether the foreclosure proceedings were governed by the Act. As trusts and deeds are contracts, see *Ryberg*, 667 N.W.2d at 558, Hill's consistent failure to provide this Court with any of the relevant language from the contracts governing the Property render any claim for wrongful foreclosure insufficiently pleaded.

Ultimately, as the pleading deficiencies in the instant complaint remain and exist relatively unchanged from the Prior Case (and in the case of some her claims they remain unchanged from some of her even earlier cases), despite having been given a multitude of opportunities to fix them, the Court shall not grant Hill yet another chance to do so here. Moreover, while it is well settled that a district court may dismiss a complaint with prejudice under Rule 12(b)(6) when amendment of a complaint would be futile, *see Pet Quarters, Inc. v. Depository Tr. & Clearing Corp.*, 559 F.3d 772, 782 (8th Cir. 2009), a district court

may also dismiss a claim with prejudice where a plaintiff has been allowed to amend his or her complaint multiple times but is still unable to plead adequately. *Knowles v. TD Ameritrade Holding Corp.*, 2 F.4th 751, 758 (8th Cir. 2021). As Hill has been given a multitude of opportunities to cure the defects in Claims I, II, and III previously,[6] but instead continues to file these same claims with the same deficiencies, *compare Hill v. U.S. Bank Home Mortgage et. al.*, Case No. 8:21-cv-332, Filing No. 1 at 3-9, *with* Filing No. 1 at 5-13, the Court shall dismiss Claims I, II, and III with prejudice. The remaining claims shall be dismissed without prejudice in accordance with this Memorandum and Order.

### A.  Claims I and II – Civil Rights Claims

In relation to Claims I and II, which allege federal civil rights violations, Hill was warned in the Prior Case that such claims require allegations both of a violation of rights protected by the United States Constitution (or created by federal statute) and "must show that the alleged deprivation was caused by conduct of a person acting under color of state law." *See* Prior Case, Filing No. 14 at 8-9 (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Here, just like in the Prior Case, Hill fails to allege any facts which could be construed as supplying a basis to find that any of the defendants acted under color of law. *See Id.* at 8-10. For the same reasons stated in the Prior Case, Claims I and II in the instant case cannot proceed and are subject to dismissal with prejudice for failure to state a claim upon which relief may be granted.

---

[6] *See* Prior Case, Filing No. 8 at 4-8 (discussing her diversity jurisdiction pleading deficiencies and not meeting the color of law standard required for what are now Claims I and II in the instant matter to proceed and allowing amendment), Prior Case, Filing No. 12 (discussing Hill's failure to adequately amend her jurisdictional allegations or her claims and allowing amendment); Prior Case, Filing No. 14 at 8-9 (discussing not meeting the color of law standard required for what are now Claims I and II in the instant matter and a failure to allege any specific term regarding her loan documents which could be construed as "one sided or harsh" enough to be unconscionable as required); *see also Hill v. U.S. Bank Home Mortgage et. al.*, Case No. 8:21-cv-332, Filing No. 8 at 3 (explaining that no defendants appear to have acted under color of law and allowing amendment).

### B.  Claim III – Unconscionable contract

In the Prior Case, Hill brought an identical claim alleging identical facts in support. *Compare* Filing No. 1 at 11-13, *with* Prior Case, Filing No. 13 at 9-10.   This Court previously explained that, under Nebraska law, contract unconscionability requires an aggrieved party to establish either that a clause or term in the contract is alleged to be one-sided or overly harsh, or that impropriety occurred during the process of the contract's formation.  *See* Prior Case, Filing No. 14 at 13 (quoting *Adams v. American Cyanamid Co.*, 498 N.W.2d 577, 590 (Neb. App. 1992) (quoting *Schroeder v. Fageol Motors*, 86 Wash.2d 256, 544 P.2d 20 (1975))).  This Court then found that Hill failed to allege there was a specific term in her contract with US Bank that was one-sided or harsh, instead simply indicating that there was something about her Mortgage (or other loan documents) entered into with US Bank that she did not understand, but that ultimately it was unclear what she did not understand or why this lack of understanding resulted in an unconscionable procedure.  *See Id.*   Further, this Court found that Hill's allegations regarding her claim against US Bank arose from the enforcement of the loan between US Bank and Hill, not its formation, to which contract unconscionability does not apply.  *Id.* at 13-14.

As nothing has changed between Hill's allegations in the Prior Case in support of Claim III and her current Complaint, Count III shall be dismissed with prejudice for failure to state a claim on which relief may be granted.

### C.  Claim IV – Quiet title

Similar to Claim III, Hill brought an identical claim in her Prior Case alleging identical facts in support.  *Compare* Filing No. 1 at 13-14, *with* Prior Case, Filing No. 13

9

at 10-11.  In addressing this claim in her Prior Case, this Court construed her claim as intending to bring a state law wrongful foreclosure claim in conjunction with her action to quiet title due to her citation to state law as set forth in *Ryberg*, 667 N.W.2d at 553.  Prior Case, Filing No. 14 at 14-15.  This Court then found that "the facts as alleged are too deficient for any wrongful foreclosure or action to quiet title to proceed" because it was unclear if the sale of the Property was void or voidable as Hill failed to describe the nature of the power of sale clause in the Deed of Trust or Mortgage or any specifics regarding the sale at issue, or what process she was entitled to, instead concluding the Property was wrongfully sold by "Defendants" who lacked the authority to do so.  Prior Case, Filing No. 14 at 15-16.

This Court also found that her quiet title claim could not proceed as pleaded when reviewing the complaint in her Prior Case.  *See Id.* at 17-18.  Specifically, this Court found that, although Hill claims an interest in the Property, she failed to state which defendant or defendants still retained an interest in the Property now, if any.  *Id.* at 17.

In the body of the instant Complaint, Hill now alleges that 100 Year purchased the Property at a foreclosure sale.  *See* Filing No. 1 at 4.  However, based on these allegations, if the Property was foreclosed upon via a power of sale clause by US Bank and subsequently sold to a bona fide purchaser (which here would be 100 Year), it is 100 Year who potentially holds adverse title and not US Bank, making 100 Year the appropriate party to a quiet title action *if* 100 Year still holds title to the Property.  *See Homebuyers Inc. v. Watkins*, No. A-18-258, 2019 WL 2361760, at *8 (Neb. Ct. App. June 4, 2019)).

Moreover, as pleaded, it remains unclear whether 100 Year still holds title to the Property or if the Property has since been sold to another entity. Therefore, without further clarification, any quiet title action against 100 Year is subject to dismissal without prejudice for failure to state a claim upon which relief may be granted.

Finally, to the extent Hill intended to raise a quiet title claim against defendant Vasco, Hill failed to allege Vasco ever held title to the Property. To proceed with a quiet title action, a moving party must claim an interest in the property at issue *and must bring their quiet title action against the party or parties claiming an adverse interest in the property*. *Watkins*, 2019 WL 2361760, at *8 (emphasis added). Because Hill fails to allege Vasco has or ever had any interest in the Property, her quiet title claim against Vasco is subject to dismissal without prejudice for failure to state a claim on which relief may be granted.

### D. Claim V – Infliction of emotional distress

When addressing her infliction of emotional distress claim in the Prior Case, this Court explained that her claim could not proceed as pleaded against any defendant because such a claim relied upon pleading wrongful foreclosure. Because the majority of the facts surrounding the foreclosure including when, where, and how the foreclosure took place and the terms of the mortgage and/or deed of trust at issue were unknown, the Court could not determine if any of the defendants' conduct was outrageous or extreme as required to proceed with such a claim under Nebraska law. Prior Case, Filing No. 14 at 18-19 (citing *Roth v. Wiese*, 716 N.W.2d 419, 431 (Neb. 2006) (citing *Brandon v. County of Richardson*, 261 Neb. 636 (Neb. 2001))). While Hill now provides some of the relevant details, including that US Bank instituted the foreclosure action in January of 2020 and

the Property was sold to 100 Year in that sale, she still fails to provide any detail regarding how the sale was instituted, except to argue that it was done without proper notice to her under federal law. *See* Filing No. 1 at 3-4. Again, such allegations do not provide enough information for this Court to determine whether any of the defendants' actions were "so outrageous in character and so extreme in degree . . . that no reasonable person should be expected to endure it" as required for such a claim to proceed. *Roth,* 716 N.W.2d at 431.

Therefore, as pleaded, this claim cannot proceed and shall be dismissed without prejudice.

### E. Claim VII – Unlawful/wrongful eviction

In Count VII, Hill brings what she contends is a wrongful eviction claim against all defendants, which in Nebraska is a forcible entry and detainer action. Such an action does not try the question of title, but only the immediate right of possession. *Watkins*, 2019 WL 2361760, at \*4.

In raising her claim, Hill seeks a determination of her right to possession of the Property which is largely identical to the claim she raised in her Prior Case. *Compare* Filing No. 1 at 18-19, *with* Prior Case, Filing No. 13 at 16-18. However, as in the Prior Case, *see* Prior Case, Filing No. 14 at 14, this claim is premature and must be dismissed as possession of the Property here is reliant upon the resolution of the currently disputed title to the Property. And, as amendment of this claim would be futile prior to title resolution, this claim shall be dismissed without prejudice as premature as to all defendants.

12

**F. Claim VI – Declaratory relief**

As in her Prior Case, in Count VI Hill seeks a judicial determination of rights, obligations, and interests of the parties under the mortgage, deed of trust, or other note or governing security instrument pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. *Compare* Filing No. 1 at 16-17, *with* Prior Case, Filing No. 13 at 13–14. As Hill cannot obtain relief on any of the claims as alleged, she is not entitled to a declaratory judgment, therefore Claim VI shall be dismissed without prejudice.

IT IS THEREFORE ORDERED THAT:

1. Plaintiff Gloria Hill's Complaint, Filing No. 1, is dismissed in its entirety as follows:

   a. Claim VII asserting a claim of unlawful/wrongful eviction is hereby dismissed without prejudice as premature.

   b. Claim I asserting a "Violation of civil rights – wrongful foreclosure, deprivation of property interest (Fourteenth Amendment to the United States Constitution) against defendant US Bank, Claim II asserting a "Violation of civil rights – retaliatory and wrongful eviction, deprivation of property interest" against defendants 100 Year and Vasco, and Claim III asserting "unconscionable contract" against defendant US Bank are dismissed with prejudice.

   c. All remaining claims shall be dismissed without prejudice.

2. The Court will enter judgment by a separate document.

13

Dated this 4th day of March, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court